THE STATE, EX REL. MURR, APPELLANT, *v.* MEYER, APPELLEE.

[Cite as State, ex rel. Murr, *v.* Meyer (1987), 34 Ohio St. 3d 46.]

(No. 87-454—Decided December 16, 1987.)

*Jeffrey A. Murr, pro se.*

*Douglas O. Meyer,* prosecuting attorney, for appellee.

*Per Curiam.* Appellant contends that appellee has a clear legal duty to prosecute the witness for falsification and that failure to do so is an abuse of discretion. We disagree.

Appellant states that he filed a criminal complaint against the witness charging falsification, that the complaint was dismissed for lack of probable cause, and that on appeal, the court of appeals dismissed the appeal. Appellant contends (1) that appellee has a clear legal duty to prosecute a complaint that two courts have found to lack probable cause and (2) that failure to do so is an abuse of discretion. Doubtless, a prosecuting attorney's discretion concerning prosecution is subject to some limits. See *Peek* v. *Mitchell* (C.A. 6, 1970), 419 F. 2d 575.

This court has not ruled precisely on those limits. However, to refuse to prosecute in this case is within any conceivable limits and is not an abuse of discretion.

Appellant has not proved a clear legal duty on the part of appellee or an abuse of discretion. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.