[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 174.]

[THE STATE EX REL.] EVANS, APPELLANT, *v.* COLUMBUS DEPARTMENT OF LAW ET AL., APPELLEES.

[Cite as *State ex rel. Evans v. Columbus Dept. of Law*, 1998-Ohio-128.]

*Mandamus to compel city prosecutor to prosecute charges filed by relator— Complaint dismissed for failure to state a claim upon which relief can be granted, when.*

(No. 98-462—Submitted July 8, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD12-1723.

———————

{¶ 1} Appellant, Charles R. Evans, a private citizen, filed affidavits under R.C. 2935.09 with the Clerk of the Franklin County Municipal Court. Evans charged a municipal court probation officer with one count of interfering with his civil rights, in violation of R.C. 2921.45, and charged his estranged wife with two counts of falsification, as proscribed by R.C. 2921.13(A). The charged offenses are misdemeanors. See R.C. 2921.45(B) and 2921.13(E)(1). Appellee Columbus City Prosecutor decided not to prosecute the charges because of a lack of probable cause.

{¶ 2} Evans then filed a complaint in the Court of Appeals for Franklin County. Evans requested a writ of mandamus to compel the city prosecutor to prosecute the charges. The court of appeals granted the city prosecutor's Civ.R. 12(B)(6) motion and dismissed Evans's complaint for failure to state a claim upon which relief can be granted.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————

*Clarence R. Evans*, *pro se*.

*Janet E. Jackson*, Columbus City Attorney, and *Patricia A. Delaney*, Assistant City Attorney, for appellees.

——————————

***Per Curiam.***

**{¶ 4}** Evans asserts that he is entitled to the requested writ of mandamus pursuant to R.C. 2935.09. For the reasons that follow, we find this contention to be meritless and affirm the judgment of the court of appeals.

**{¶ 5}** First, as the court of appeals correctly held, R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit. Although R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of a person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed. *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 273, 680 N.E.2d 1238, 1239. R.C. 2935.10 does not place any duty upon city prosecutors to prosecute misdemeanors charged by affidavit filed under R.C. 2935.09.

**{¶ 6}** In addition, a prosecuting attorney will not be compelled to prosecute except when the failure to do so constitutes an abuse of discretion. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184. Evans did not allege sufficient facts in his complaint evidencing that the city prosecutor abused her discretion by determining that the charges lacked probable cause. See *State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 47, 516 N.E.2d 234, 235, affirming the dismissal of a similar mandamus claim.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

——————————