On December 17, 1998, the relator, Calvin Drake, commenced this mandamus action against the respondents, Judge Kathleen Sutula, and Richard Bell, an assistant Cuyahoga County Prosecutor. In his demand Mr. Drake stated that he seeks in the underlying cases,State of Ohio v. Calvin Drake, Cuyahoga County Common Pleas Court Case Nos. CR-351072 and 355853, to compel the respondent "to take off journal entry of 7/17/98 — for clerk of courts [not to accept his papers for filing.]" He also filed an application for an alternative writ in which he sought to compel the respondents "to stop tampering with United States mail, take off order of 7/17/98 to clerk of courts office."
His complaint also stated the following: (1) The judge failed to rule on a motion to withdraw guilty plea which he filed in June 1998. (2) The July 17, 1998 order to the clerk of courts not to accept his filings prevented evidence from reaching this court on appeal. (3) On September 1, 1998, he moved for new trial on newly discovered evidence which was returned to him. (4) The appeal he filed in July 1998 relating to a search and seizure issue was denied. (5) The trial court denied all his motions. (6) The trial court issued false entries, including a "false entrie (sic) of plea of guilty."
On January 12, 1999, the respondents moved to dismiss or in the alternative for summary judgment. Mr. Drake then filed a series of "amended complaints", briefs in opposition to the respondents' dispositive motion, a motion to show cause and submissions of evidence.[1] These filings reiterated his objections, which he has raised repeatedly in his other cases, to the proceedings in the underlying cases: The trial court, the prosecutor, the clerk, and the police violated his rights to a speedy trial arid a preliminary hearing, his property was improperly seized during an illegal search, the Ohio courts lacked jurisdiction because a federal entity was involved, the trial court issued false journal entries, his guilty plea was improper, the clerk must accept his criminal complaints, the prosecutor must indict and prosecute Mayor White, his fellow prosecutors, the police and the trial judge for the wrongs they committed against Mr. Drake, the trial court improperly denied his motions to return property, to withdraw guilty plea and to dismiss, the trial court lacked jurisdiction to sentence him because. the case was on appeal, the evidence did not support the charges against him, and the clerk never returns copies of his filings to him.[2]
In the underlying cases the Grand Jury indicted Mr. Drake in May and October of 1997, for theft, attempted theft, forgery, uttering, impersonating an officer, falsification and tampering with records. Although the record is far from clear, Mr. Drake was apparently trying to establish the Cleveland Juvenile Justice Delinquency Prevention Center; he indicates that this was a federally backed program to prevent juvenile delinquency. The charges against him apparently relate to his efforts to set up this program.
The dockets in the underlying cases reveal that throughout the proceedings, Mr. Drake filed numerous, often repetitive motions. The dockets further indicate that the trial court ruled on these motions. In late May, 1998, Mr. Drake's cases went to trial. However, on May 28, 1998, before a verdict was reached, he pleaded guilty to six counts of theft and one count of forgery. He tried to appeal various rulings in the underlying cases. On June 9, 1998, before sentencing occurred, Mr. Drake filed an appeal, Case No. 74661; this court dismissed the appeal on July 2, 1998, for lack of a final, appealable order.
On July, 16, 1998, again before sentencing, Mr. Drake filed two more appeals, Case Nos. 74878 and 74879. On July 17, 1998, the trial court ordered the clerk to refuse all motions and filings while the cases were on appeal. It also issued an order denying all pending motions. On August 13, 1998, this court again dismissed the appeals for lack of a final, appealable order. On September 17, 1998, the trial court sentenced Mr. Drake. On December 17, 1998, Mr. Drake filed a motion for leave to file a delayed appeal which this court denied on January 8, 1999.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus(1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese(1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman(1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio(1967), 11 Ohio St.2d 141,228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. JudgePatricia Gaughan(Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath(1997), 78 Ohio St.3d 45,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center,Inc. v. Court of Appeals for Cuyahoga County(1990), 56 Ohio St.3d 33,564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State exrel. Taylor v. Glasser(1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Commission(1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Conriole v. Cleveland Boardof Education(1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and Stateex rel. Dayton-Oakwood Press v. Dissinger(1940), 32 Ohio Law Abs. 308.
Mr. Drake's claims for mandamus are not well taken. Mandamus does not lie to correct the exercise of judicial discretion. Thus, mandamus is not the proper remedy to contest the trial court's July 17, 1998 order, which was an exercise of the court's discretion. To the extent that Mr. Drake's claims for tampering with the mail and prohibiting filing are based on this order, those claims are also not well taken.
The proper remedy to contest that order and most of the other claims, e.g., speedy trial, preliminary hearing, search and seizure, denial of his motions, the propriety of his guilty plea and subject matter jurisdiction, are through appeal. The fact that Mr. Drake may have lost his chance for appeal by filing at the wrong times does not negate the "has or had adequate remedy at law" principle for purposes of mandamus.
The record also reveals that Mr. Drake did not have an appeal pending in this court when he was sentenced in September, 1998. Thus, his argument that the trial court lacked jurisdiction to sentence him is meritless.
Similarly. Mr. Drake has adequate remedies at law for his claims of false entries and tampering with the mail by prohibiting filings. For example, to the extent that such claims may be established by the record in the underlying cases, they are proper subject for appeal; to the extent that such claims may require evidence outside the record to establish their validity, postconviction relief pursuant to R.C. 2953.21 provides an adequate remedy at law.
Mr. Drake pleaded guilty to theft and forgery, and he has not been able to overturn those convictions. The prosecutor does not abuse his discretion by failing to investigate and prosecute charges made by this convict in a case in which he pleaded guilty and the convictions remains in full force and effect. Alternatively, the court has reviewed Mr. Drake's many filings, the dockets in the underlying cases, his evidentiary submissions, and his multiple claims of misconduct by various public officials. The court very much doubts that there is an authentic charge which the relevant officials have a duty to pursue. Stateex rel. Master v. City of Cleveland(1996), 75 Ohio St.3d 23,661 N.E.2d 180 and State ex rel. Murr v. Meyer(1987), 34 Ohio St.3d 46,516 N.E.2d 234. Cf. State ex rel. Gerald Taylor v. KarenJohnson(Nov. 18, 1996), Cuyahoga App. No. 71146, unreported, andState ex rel. Gerald Strothers v. Earle Turner(Feb. 13, 1997), Cuyahoga App. No. 71492, unreported.
Accordingly, the respondents' motion for summary judgment is granted, and the applications for a writ of mandamus and an alternative writ are denied. Costs assessed against relator.
ANN DYKE, J,. CONCURS
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
[1] Mr. Drake also made several filings on which he had the Case No. 75700, but the named respondents were not the respondents for Case No. 75700; rather they were the named respondents in some of his other cases. These filings were accepted and filed in the cases which corresponded to the named respondents on the filing, e.g., Case No. 76001.
[2] Mr. Drake usually files only an original of the pleading; thus, the clerk does not have a copy to return to Mr. Drake.