ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Sheldon Robinson seeks an order to compel the Cuyahoga County Prosecutor's Office to initiate a criminal investigation of two individuals he claims assaulted him during an unlawful citizens arrest. The Cuyahoga County Prosecutor's Office responded with a motion to dismiss. We grant the motion to dismiss.
 {¶ 2} In order for this court to issue a writ of mandamus, Robinson must establish that: 1) he possesses a clear legal right to the relief prayed; 2) he possesses no plain and adequate remedy in the ordinary course of the law;[1] and 3) the prosecutor possesses a clear legal duty to perform the requested act. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear, and it should not be issued in doubtful cases.[2]
 {¶ 3} A prosecuting attorney will not be compelled to investigate a complaint except when the failure to prosecute constitutes an abuse of discretion. Therefore, any decision to prosecute is discretionary, and generally not subject to judicial review.[3] Furthermore, an abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable.[4]
 {¶ 4} After reviewing the petition, we find that Robinson did not demonstrate that the prosecutor's decision constituted an abuse of discretion. Accordingly, he failed to establish that the prosecutor's office has a legal duty to investigate the complaint.
 {¶ 5} We further find that he failed to comply with R.C. 2969.25
which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action he filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of his complaint for a writ of mandamus.[5]
 {¶ 6} We grant the motion to dismiss. Robinson to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
MICHAEL J. CORRIGAN, J., AND KENNETH A. ROCCO, A.J., CONCUR.
[1] State ex rel. Manson v. Morris (1993), 66 Ohio St.3d 440,613 N.E.2d 232, citing State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 451 N.E.2d 225.
[2] State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v. Cleveland Boardof Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
[3] Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 667 N.E.2d 1197;State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 661 N.E.2d 180;State ex rel. Murr v. Meyer (1987), 34 Ohio St.3d 46, 516 N.E.2d 234.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[5] State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.