OPINION
{¶ 1} On April 30, 2003, defendant-appellant, Travis Stange ("appellant"), entered pleas of no contest to one charge of reckless operation of a motor vehicle and one charge of driving under suspension in case No. 03AP-525, and a plea of no contest to one charge of driving under suspension in case No. 03AP-521. After accepting appellant's pleas and finding him guilty, the trial court dismissed 21 other charges against appellant arising out of six cases, at the request of plaintiff-appellee, city of Columbus ("appellee"). The trial court also revoked appellant's probation in case No. 03AP-519.
 {¶ 2} On April 29, 2002, the date on which all appellant's cases were set for trial, appellant requested a continuance, which was denied by the trial court. Appellant appeals, claiming the trial court abused its discretion by denying his motion. Appellant also claims the trial court erred by incorrectly stating in its entry the basis for the dismissal of a charge of telecommunications harassment in case No. 03AP-526. For the reasons that follow, we affirm the judgments of the Franklin County Municipal Court.
 {¶ 3} Appellant sets forth two assignments of error for our review:
First Assignment of Error:
The trial court abused its discretion and committed reversible error by denying a defense motion for a continuance of trial.
Second Assignment of Error:
The trial court erred by finding that the telecommunications harassment charge had been dismissed as part of a plea bargain.
 {¶ 4} The first of the many charges before us were filed against appellant on May 23, 2001. Appellant was charged on that date with speeding, failing to wear a seat belt, and driving under suspension in case No. 03AP-519. On July 31, 2001, after pleading guilty to driving under suspension, appellant was sentenced to a six-month jail term, fined $300, and placed on probation. All but five days of appellant's jail sentence were suspended, provided appellant was not convicted of any further offenses. Appellant was given a reporting date to begin serving his five-day jail sentence on December 17, 2001. He failed to appear, and a bench warrant was issued.
 {¶ 5} After his arrest, a probation revocation hearing was held on February 13, 2002. The trial court gave appellant a second chance to comply with his probation by stating that if appellant paid his fine by May 15, 2002, the remaining five days would be suspended and his probation violation would be dismissed. The trial court continued the probation hearing until May 15, but told appellant that if he had already paid the fine he did not need to appear. Appellant was then released on his own recognizance.
 {¶ 6} On January 15, 2002, after appellant was placed on probation, but prior to his revocation hearing, appellant was charged with telecommunications harassment in case No. 03AP-526.[1] Appellant was given an arraignment date of February 22, 2002. When he did not appear at arraignment, a second warrant was issued.
 {¶ 7} On February 18, 2002, just five days after his probation hearing, appellant was charged with speeding, driving without a license, and driving under suspension in case No. 03AP-522. Appellant was given an arraignment date of February 28, 2002. Again, appellant did not appear for his arraignment, and a third warrant was issued.
 {¶ 8} On March 1, 2002, appellant was charged with seven additional counts of driving under suspension and one count of driving without a license in case No. 03AP-521, and one count of possession of drug paraphernalia in case No. 03AP-525. Appellant appeared at arraignment the next day and was granted bail. A pre-trial was scheduled for March 11, 2002. Appellant failed to appear for his pre-trial hearing and his bond was revoked and a fourth warrant was issued. However, appellant contacted counsel and appeared on March 13, 2002. The fourth warrant was set aside, bond was restored, and a pre-trial was set for April 12, 2002.
 {¶ 9} On April 2, 2002, in case No. 03AP-523, appellant was charged with operating a motor vehicle while intoxicated ("OMVI"), two counts of driving under suspension, driving without a license, failing to stop at a red light and failing to wear a seat belt. When appellant did not appear at his April 5, 2002 arraignment, a fifth warrant was issued. Appellant also failed to appear at his April 12, 2002 pretrial. Accordingly, his bond from a previous case was revoked and a sixth warrant was issued. On May 15, 2002, when appellant had not paid his fine and did not appear in case No. 03AP-519 as he had been ordered at the February 13, 2002 probation revocation hearing, discussed above, a seventh warrant was issued.
 {¶ 10} On December 16, 2002, appellant was charged with speeding, driving under two suspensions,[2] driving without proof of financial responsibility, and driving without a valid operating license in case No. 00AP-520. When appellant did not appear at his December 27, 2002 arraignment, an eighth warrant was issued.
 {¶ 11} Appellant was arrested on March 1, 2003. At a March 11, 2003 pretrial, the trial court denied appellant's request for bail in light of his repeated failures to appear, and scheduled trial for April 29, 2003 for all of appellant's cases.[3]
 {¶ 12} In his first assignment of error, appellant claims the trial court erred when it denied his request for continuances in all seven cases on the day of trial. The decision to grant or deny a continuance is entrusted to the sound discretion of the trial court, and it will not be reversed absent an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. Whether a trial court has abused its discretion in denying a continuance depends upon the circumstances of each case, including the reasons presented to the trial judge at the time of the request. State v. Powell (1990), 49 Ohio St.3d 255, 259;State v. Jackson, Franklin App. No. 02AP-867, 2003-Ohio-6183.
 {¶ 13} In reviewing a trial court's exercise of discretion in granting or denying a continuance, an appellate court must weigh any potential prejudice to the defendant against a court's right to control its docket and the public's interest in the prompt and efficient dispatch of justice. State v. Abdalla ( Dec. 18, 2001), Franklin App. No. 01AP-439, citing Unger, supra. The term "abuse of discretion'" refers to more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980)62 Ohio St.2d 151, 157.
 {¶ 14} The day of trial, appellant requested a one-week continuance and stated three reasons in support. Appellant stated he had just been made aware of a possible probation violation in an aggravated menacing case, which was not before the trial court at that time and is not part of this appeal. Appellant also stated he needed more time to consult with counsel in order to consider the plea bargain he had been offered that day. Finally, appellant's counsel stated he had just received an audiotape that was subject to discovery in case No. 03AP-526.
 {¶ 15} In overruling the motion, the trial court noted that appellant already had several hours that day to discuss the plea offer with counsel and that he could continue to discuss it with him until the trial began.[4] The trial court stated case No. 03AP-523 could proceed to trial, and appellant would have time to address the untimely discovery in case No. 03AP-526, and the disputed probation violation in the case involving aggravated menacing before those cases would be tried. The trial court additionally noted that in its opinion, appellant was "just trying to stall this matter as long as you possibly can." (Tr. 8.) The trial court further stated it was "trying to give appellant and his counsel an opportunity to resolve these matters short of trial." (Tr. 5.) When the trial had not started by 4:20 p.m., the matter was continued until 1:30 p.m. the following day.
 {¶ 16} The next day, appellant entered his pleas of no contest in case Nos. 03AP-521 and 03AP-523. These pleas were entered approximately two hours after court reconvened.
 {¶ 17} Many of the charges against appellant had been pending for a significant period of time due to appellant's repeated failures to appear for arraignments, pre-trials, and probation hearings. Appellant had the benefit of counsel throughout these entire proceedings. No issues were raised at pretrial to indicate a continuance would be necessary. Appellant did not seek the continuances in order to obtain any additional discovery, witnesses, or evidence for his defense.
 {¶ 18} We note that, although the trial court ostensibly overruled appellant's motion for a continuance, appellant did receive an additional day to confer with counsel about resolving these cases short of trial. Appellant has not identified any prejudice by the court's denial of a continuance. The trial court indicated the trial in case No. 00AP-523 could begin while the discovery issue in case No. 03AP-526 and the probation issue in the aggravated menacing case were addressed, thereby avoiding further delay of the remaining cases. Appellant offered no reason to warrant a continuance in his five other cases.
 {¶ 19} Ultimately, the trial court did not impose any sanction on the disputed probation violation in the aggravated menacing case. Case No. 03AP-526, in which the audiotape at issue was evidence, was ultimately dismissed. Therefore, appellant could not have been prejudiced by the denial of continuances on these cases. After reviewing the relevant factors as set forth inUnger, supra, we find that the trial court acted well within its discretion in denying appellant's motion. Appellant's first assignment of error is therefore overruled.
 {¶ 20} In his second assignment of error, appellant challenges the accuracy of the trial court's judgment entry in case No. 03AP-526, which states the telecommunications harassment charge was dismissed due to a plea bargain to another case number. Appellant states he wanted to go to trial on this charge, and that it was dismissed against his wishes. Therefore, he claims the judgment entry should be modified to more accurately reflect the proceedings.
 {¶ 21} A prosecuting attorney has wide discretion in determining whether the public is best served by instituting criminal proceedings, and will not be compelled to prosecute a complaint unless the failure to prosecute is an abuse of that discretion. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 27. A decision not to prosecute a criminal complaint is generally not subject to judicial review. State ex rel. Murr v.Meyer (1987), 34 Ohio St.3d 46.
 {¶ 22} In State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, the trial court was asked to correct a journal entry so that it properly reflected the basis upon which a continuance was granted. After the trial court refused, Worcester asked the Supreme Court to issue a writ of mandamus directing the trial court to correct the entry. The Supreme Court noted that a court speaks through its journal entries, and that courts have a clear legal duty to have their entries reflect the truth. Id. at 118-119. To determine whether the journal entry is correct, the Supreme Court read the transcript and examined the record below. Id. at 120.
 {¶ 23} Our review of the record below shows that appellant pled no contest to three charges. After doing so, the court dismissed the remaining 21 charges at the prosecutor's request. The sentencing transcript confirms the journal entry accurately reflects the proceedings below, although the trial court did not say the words "plea bargain" at the moment the charges were dismissed. Appellant's second assignment of error is overruled.
 {¶ 24} Having overruled each of appellant's assignments of error, we affirm the judgments of the Franklin County Municipal Court.
Judgments affirmed.
Lazarus, P.J., and Klatt, J., concur.
[1] Apparently, at the time of the probation hearing the trial court had not been made aware of this pending charge of telecommunications harassment.
[2] While appellant's license was under an OMVI suspension, it was also suspended for exceeding 12 points.
[3] In light of appellant's first assignment of error, we note that at the pretrial appellant's counsel requested an earlier trial date than was given by the court.
[4] When these pleas were entered, appellant had been represented by the same counsel in all seven cases for more than a year, from February 7, 2002 onward.