[Cite as *State ex rel. April Mgt., Ltd. v. Mayfield Hts.*, 2013-Ohio-5465.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100084

## STATE OF OHIO, EX REL. APRIL MANAGEMENT, LTD.

RELATOR

vs.

## CITY OF MAYFIELD HEIGHTS, OHIO, ET AL.

RESPONDENTS

### JUDGMENT:
WRIT DENIED

Writ of Mandamus
Order No. 469663

**RELEASE DATE:** December 6, 2013

**ATTORNEY FOR RELATOR**

Richard D. Eisenberg
1413 Golden Gate Blvd.
Suite 200
Mayfield Heights, OH 44124


**ATTORNEYS FOR RESPONDENTS**

Leonard F. Carr
L. Bryan Carr
The Carr Law Firm
1392 S.O.M. Center Road
Mayfield Heights, OH   44124

EILEEN A. GALLAGHER, J.:

{¶1} On July 5, 2013, the relator, April Management, Ltd., commenced this mandamus action against the respondents, the city of Mayfield Heights ("the City") and Thomas Jamieson, who is the City's building commissioner.[1] April Management seeks to compel the respondents to enforce City Ordinances 1392.01 and 559.11(a), relating to accumulation of water on property, against the relator's northern neighbors at 5970 and 5974 Mayland Avenue.[2] On August 27, 2013, this court ordered that the evidence from Case No. 99285 be transferred to the present case. It further allowed the parties to submit additional evidence within two weeks and established a briefing schedule. The court has reviewed the evidence and the briefs, and the matter is ripe for resolution. For the following reasons, this court denies the application for a writ of mandamus.

{¶2} April Management has two members, Denver Barry and his daughter, Tracy Barry, who is the managing member of the company. The purpose of the company is to operate a real estate management company and to own and develop real estate.

---

[1] April Management had previously filed this claim in *State ex rel. April Mgt., Ltd. v. Mayfield Hts.,* 8th Dist. Cuyahoga No. 99285. The case had proceeded to the submission of evidence and briefing. Relator voluntarily dismissed Case No. 99285 on July 5, 2013.

[2] Ordinance 1393.01 provides: "All premises shall be graded and maintained to prevent the erosion of soil and to prevent the accumulation of stagnant water thereon." Ordinance 559.11(a) provides: "No person shall fail to comply with the following requirements within the lawful time after service or publication of the notice or resolution is made as required by law: to fill or drain any lot or land or remove all putrid substances therefrom, or remove all obstructions from culverts, covered drains or natural watercourses as provided in Ohio R.C. 715.47."

(Respondents' Ex. 1, Articles of Organization.)   On January 28, 2002, Denver Barry deeded the property at 1592 Lander Road, Mayfield Heights, Ohio, to April Management. (Respondents' Ex. 2.)

{¶3}   The 1592 Lander Road property is a rather narrow, long, rectangular two-acre parcel of land that runs from east to west upon which there is a single-family home.   The northern edge of 1592 Lander is bounded by ten parcels containing single-family homes on Mayland Avenue, including 5970 and 5974 Mayland.

{¶4}   Denver Barry made improvements to the land.   These included using a backhoe to move dirt on the property that changed the grade of the soil and caused water to accumulate into large pools encroaching onto the northern neighbors' backyards.   The neighbors protested and, in April 2009, the City, through respondent Jamieson, criminally charged Denver Barry, Tracy Barry and April Management with violating Ordinance 559.04(c) which prohibits obstructing, impeding or diverting a watercourse to the injury of another,[3] in   *Mayfield Hts. v. Barry*, Lyndhurst M.C. No. 09-CRB-00397 (June 2, 2011).  The City dismissed the charges against Tracy Barry and April Management.    Denver Barry and the City entered into a plea agreement under which Barry would plead no contest to the charges and would hire an engineer to design and install a storm water drainage system to remove the water on both his neighbors' property.    The plan and system would be subject to the City's approval through its building department and

---

[3] The respondents also charged Denver Barry with accumulating debris on his property.   He was ultimately found guilty of that charge, but it is not relevant to the instant case.

engineer, and if the drainage system worked and the property came into compliance with the City's ordinances, the City would then dismiss the charges against Barry with prejudice.

{¶5} The City, however, did not approve the plan because, inter alia, it lacked topographical information and did not provide sufficient catch basins. Thus, Denver Barry's no contest plea was vacated, and the matter proceeded to trial. In June 2010, a jury found him guilty of the watercourse charge and, on August 24, 2010, the trial court imposed upon him a $500 fine with $250 of that fine and costs suspended pending compliance.

{¶6} On appeal, *Mayfield Hts. v. Barry*, 8th Dist. Cuyahoga No. 95771, 2011-Ohio-2665, this court affirmed the conviction stating the evidence of the violation was overwhelming. *Id.* at ¶ 9. The court noted the following: neighbors testified that they personally observed Denver Barry moving the soil; there was no evidence of any other changes on the properties that obstructed the water; the water accumulated into a body of water on the properties that persisted throughout most of the year; and the accumulated water was not a problem until after Denver Barry changed the topography. *Id.* at ¶ 30 and 36.

{¶7} To support its claim for mandamus, April Management submitted an expert report of a registered professional engineer dated September 20, 2010. This engineer opined that a low area of land existed in the rear yard of 5974 Mayland before any grading work occurred at 1592 Lander Road. The previous grading of land allowed water to flow

through the low point and swale in the rear of the Mayland properties. However, the growth of several large diameter trees and the placement of fill material between the tress and the rear lot line at 5970 Mayland caused the blocking of the swale and the accumulation of water. The engineer further opined that this fill occurred before any grading on the 1592 Lander property. The installation of a perimeter drain on 1592 Lander intercepts the water from the Lander property and prevents it from accumulating on the Mayland properties. Thus, the grading of 1592 Lander did not cause the accumulation of the water. The engineer concluded that to eliminate the water on the Mayland properties, the owner of 5970 Mayland must clear the swale obstruction created by the fill material.

{¶8} April Management also submitted photographs of the accumulation of water in the rear of the Mayland properties. These photographs show dates ranging from 2011 through 2013, and show that the water persists, through at least the fall, winter and spring. The water appears to be relatively deep and one photograph shows a duck floating in the water. April Management averred that it has repeatedly informed the City of this stagnant water problem and that the City has done nothing to correct it. The parties submitted a May 9, 2013 "Notice to Discontinue Work" issued by the City against Denver Barry to prevent filling and grading on the land at issue. The City argued in its brief that relator, through its member Denver Barry, demonstrated a total lack of respect of its neighbors, the City and this court's decision by performing unlawful grading on the property in 2013. April Management responded that Denver Barry was merely reseeding the lawn, not

grading the soil.    It then argued that the fact that the City issued such an order shows that the City has a vendetta against Denver Barry arising from some whim or political agenda.

{¶9}    The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law.   *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978).   Additionally,

> the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made.   The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought and makes a clear case for the issuance of the writ.   The facts submitted and the proof produced must be plain, clear and convincing before a court is justified in using the strong arm of the law by way of granting the writ.

*State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 161, 228 N.E.2d 31 (1967). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear.   It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953).

{¶10}    April Management's argument for mandamus is straightforward.    The 5970 and 5974 Mayland properties have persistent accumulations of stagnant water. The City's ordinances prohibit the accumulation of stagnant water.   Therefore, the City must enforce its ordinances and mandamus is the remedy to compel the City to do so.

{¶11} That is not, however, the correct standard for compelling enforcement of a criminal ordinance or a prosecution. The Supreme Court of Ohio enunciated that standard in *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 661 N.E.2d 180 (1996).

> A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. Therefore, the decision whether to prosecute is discretionary, and not generally subject to judicial review. * * * An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. (Citation omitted.)

*Id.* at 27. In *State ex rel. Anderson v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 79227, 2001 Ohio App. LEXIS 4116 (Sept. 5, 2001), this court ruled that the failure to allege the proper standard, that the prosecutor's refusal to commence criminal proceedings was an abuse of discretion, was sufficient reason to dismiss the mandamus action.

{¶12} April Management has not clearly and convincingly established that the respondents have abused their discretion in not commencing enforcement actions against the Mayland properties. There are numerous factors that contribute to the decision to prosecute, including causation, culpability, possible defenses, the motives of the complainant, attempts to use the criminal justice system to enhance civil actions, the seriousness of the offense, the harm caused by the offense, priorities, more pressing matters and the limited resources of the governmental office. In analyzing these factors, the Fourth Appellate District concluded that "the problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary"

and that "prosecutorial discretion, while not absolute, is nearly so." *State ex rel. Tipton v. Schisler*, 4th Dist. Scioto No. 90CA1926, 1991 Ohio App. LEXIS 4510, *8 and *11 (Sept. 25, 1991).

{¶13} In the present case, April Management's failure to analyze the matter from an abuse of discretion standard, other than hinting at a political vendetta, is insufficient to clearly and convincingly demonstrate that it is entitled to a writ of mandamus. Moreover, it is difficult to conclude that the respondents abuse their discretion in not prosecuting the Mayland properties when a jury and this court have ruled that a party in privity with April Management caused the accumulation of water.

{¶14} Finally, the courts have generally held that a prosecutor does not abuse his discretion by failing to prosecute charges made by a convict in a matter in which the convictions remain in full force and effect. *State ex rel. Murr v. Meyer*, 34 Ohio St.3d 46, 516 N.E.2d 234 (1987); *State ex rel. Drake v. Fuerst*, 8th Dist. Cuyahoga No. 76001, 1999 Ohio App. LEXIS 2323 (May 20, 1999); *State ex rel. Robinson v. Cuyahoga Cty. Prosecutor's Office,* 8th Dist. Cuyahoga No. 82517, 2003-Ohio-2655; and *Anderson, supra.*

{¶15} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶16} Writ denied.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR