[Cite as *State ex rel. Bunting v. Styer*, 2015-Ohio-3662.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL | : | JUDGES: |
| PAUL EDWARD BUNTING | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| TUSCARAWAS COUNTY | : | Case No. 2014 AP 12 0054 |
| PROSECUTOR RYAN STYER | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Writ of Mandamus



JUDGMENT:                                            Dismissed



DATE OF JUDGMENT:                          September 8, 2015



APPEARANCES:

For Relator                                              For Respondent

PAUL EDWARD BUNTING, Pro Se          ROBERT R. STEPHENSON II
PID No. A395279                                    Assistant Prosecuting Attorney
In care of Belmont Correctional Institution   Tuscarawas County, Ohio
68518 Bannock Road, S.R. 331               125 East High Ave.
PO Box 540                                          New Philadelphia, OH 44663
St. Clairsville, OH 43950-0540

*Baldwin, J.*

{¶1}   Relator, Paul Edward Bunting, has filed a Petition for Writ of Mandamus requesting this Court issue a writ ordering Respondent, the Tuscarawas County Prosecutor, to present the results of his investigation to the municipal court.

{¶2}   Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.  Relator in turn has moved the Court to strike the motion as untimely which the Court grants.   Nonetheless, we have authority to sua sponte consider dismissal of the complaint for failure to state a claim upon which relief may be granted.

{¶3}   "*Sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Bruggeman v. Ingraham* (1999), 87 Ohio St.3d 230, 231, 718 N.E.2d 1285, 1287."  *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663, 667.

FACTS

{¶4}   In August 2000, Relator began serving an 18 year prison sentence. According to Relator, he gave his mother a power of attorney to take care of his affairs while Relator was in prison.  Pursuant to the power of attorney, Relator's mother moved Relator's van and motorcycle to be stored at a farm of a family friend.

{¶5}   After Relator's mother died in 2008, Relator claims the family friend keeping the motorcycle stopped corresponding with Relator.  Relator then contacted the Sheriff's office to pursue charges of theft against the family friend as well as against Relator's daughter.   Relator initially accused both the farm owner and Relator's

daughter of forging the titles to Relator's van and motorcycle. He alleged the two forged the titles and sold the vehicles. Eventually, Relator filed an affidavit pursuant to R.C. 2935.09 alleging a crime had been committed.

{¶6}   On July 30, 2013, Respondent notified Relator that a referral had been made by the New Philadelphia Municipal Court pursuant to R.C. 2935.10. Further, Respondent indicated he would make a decision as to whether charges would be filed after reviewing the report from the Tuscarawas County Sheriff's Office. On August 21, 2013, the Sheriff's report was issued.

{¶7}   Attached to Relator's complaint is a copy of the Investigation Narrative conducted by the Tuscarawas County Sheriff's Office. The investigation revealed the van was located at the Sheriff's impound lot. Relator had been notified of the need to make arrangements for the van from the farm, but when that did not occur, the van was towed to the impound lot. Apparently because the van had been located, Relator's instant complaint deals only with the alleged theft of the motorcycle.

{¶8}   The two suspects told the same story relative to the motorcycle. They indicated the motorcycle frame and parts were stored in a barn which had been destroyed by a fire. The sheriff's deputy confirmed there was a barn fire through CAD records.

{¶9}   Upon completion of his investigation, the deputy sheriff concluded, "I have not found any evidence of a theft or forgery offense against either suspect…"

{¶10}  Respondent refused to pursue charges against the alleged suspects.

LAW AND ANALYSIS

{¶11}  Revised Code 2935.09 allows a citizen to file an affidavit if the citizen has knowledge of facts indicating a crime has been committed.  Thereafter, a court may make a referral pursuant to R.C. 2935.10 to the prosecutor's office for investigation if the affidavit alleges a felony has been committed.

{¶12} The Supreme Court has explained, "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit. Although R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of a person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed. *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 273, 680 N.E.2d 1238, 1239. R.C. 2935.10 does not place any duty upon city prosecutors to prosecute misdemeanors charged by affidavit filed under R.C. 2935.09."  *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175, 1998-Ohio-128, 699 N.E.2d 60, 61 (1998)

{¶13}  "A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 368, 632 N.E.2d 883, 885; *State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 47, 516 N.E.2d 234, 235. Therefore, the decision whether to prosecute is discretionary, and not generally subject to judicial review. *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME, AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 160, 572 N.E.2d 80, 82."  *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 1996-Ohio-228, 661 N.E.2d 180, 184 (1996).

{¶14} R.C. 2935.10 provides in relevant part, "(A) Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."

{¶15} In this case, the municipal court made the required referral to the prosecuting attorney who, through the sheriff's office, conducted an investigation. As the result of the investigation, Respondent decided no criminal charges were warranted.

{¶16} While the exact relief sought by Relator is difficult to comprehend by reading the complaint, it appears Relator wants this Court to order Respondent to present his findings to the municipal court. Relator cites no authority for the proposition that Respondent be required to present his findings to the referring court for examination.

{¶17} A prosecutor is merely required to conduct an investigation and will only be required to pursue a complaint where the failure to do so amounts to an abuse of discretion. See R.C. 2935.10(A) and *State ex rel. Squire v. Taft* (1994), 69 Ohio St.3d 365, 368, 632 N.E.2d 883, 885; *State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 47, 516 N.E.2d 234, 235.

{¶18} Relator has not presented any evidence beyond mere speculation that Respondent abused his discretion by failing to pursue criminal charges. The result of Respondent's investigation failed to support the filing of a criminal complaint because no evidence of theft or forgery was discovered. For these reasons, we find the cause should be dismissed for failure to state a claim upon which relief may be granted.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.