[Cite as *Bunting v. Weaver*, 2018-Ohio-1465.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL BUNTING | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 AP 12 0035 |
| THOMAS WEAVER | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2017 CV 04 0270 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | April 12, 2018 |
| APPEARANCES: | |

For Plaintiff-Appellant

PAUL BUNTING, PRO SE
ID #395279
C/O Belmont Correctional Institution
68518 Bannock Road, PO Box 540
St. Clairsville, Ohio 43950-9736

For Defendant-Appellee

RICHARD A. NICODEMO
124 15th St. NW
Canton, Ohio 44703

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Paul Edward Bunting appeals the November 22, 2017 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which granted defendant-appellant Thomas A. Weaver's Motion for Relief from Judgment.

STATEMENT OF THE FACTS AND CASE[1]

{¶2} On August 4, 2000, Appellant pled no contest to one count of rape, in violation of R.C. 2907.02, and six counts of sexual battery, in violation of R.C. 2907.03. Via judgment entry filed August 9, 2000, the trial court found Appellant guilty and sentenced him to a total aggregate term of eighteen years in prison. Prior to his incarceration in the state penal system, Appellant entered into an agreement with Appellee to store a "1977 Chevrolet half-ton custom 4 by 4 black-on-black panel van" and "a 1977 Honda CB350cc full-custom chopper motorcycle" on Appellee's farm until Appellant's release from prison. The agreement was actually between Appellant's mother and Appellee.

{¶3} After Appellant's mother died, Appellee sought the removal of the van from his property with the assistance of Chief Deputy Orvis Campbell of the Tuscarawas County Sheriff's Department. The motorcycle had been destroyed in a fire a number of years earlier. On May 13, 2013, Chief Deputy Campbell forwarded a letter to Appellant requesting the removal of the van by Monday, June 24, 2013, or the vehicle would be towed. Because Appellant did not make arrangements to have the vehicle moved, the

---

[1] Some of the facts set forth herein are taken from previous Appeals involving Appellant. See, *State v. Bunting,* 5th Dist. Stark No.2006CA00330, 2007–Ohio–2184, and *State ex. rel. Bunting v. Styer,* Tuscarawas App. No. 2014 AP 12 0054, 2015-Ohio-3662.

van was towed as abandoned and was disposed of in accordance with the abandoned and junk motor vehicle laws of Ohio.

{¶4}   On April 18, 2017, Appellant filed a pro se complaint for conversion and breach of agreement in the Tuscarawas County Court of Common Pleas.  Over the years, Appellant has attempted to have Appellee prosecuted for the theft of the vehicles, and has filed at least one other complaint against Appellee for conversion and breach of contract.[2]  In a correspondence dated May 31, 2017, to the Tuscarawas County Clerk of Court, Barbara Weaver Scott, Appellee's power of attorney, explained Appellee is her 88 year old uncle and is currently a resident in a nursing home.  Scott indicated a similar complaint filed by Appellant in Belmont County in 2016, had been dismissed based upon Chief Deputy Campbell's May 13, 3013, letter, which is discussed supra.

{¶5}   On August 7, 2017, Appellant filed a motion requesting the trial court strike Scott's May 31, 2017 communication.  Scott sent a letter dated August 16, 2017, directly to the trial court.  Therein, she reiterated the information set forth in her May 31, 2017 correspondence to the Clerk of Court and noted Appellee was in hospice care.  Via Judgment Entry filed August 22, 2017, the trial court granted Appellant's motion to strike the May 31, 2017 communication.

{¶6}   Appellant filed a motion for default judgment on August 24, 2017.  Via Judgment Entry filed September 5, 2017, the trial court granted default judgment in favor of Appellant on the issue of liability only, and scheduled the matter for evidentiary hearing on the issue of damages.

---

[2] See, *State ex. rel. Bunting,* supra, fn 1; *Bunting v. Weaver,* 7th Dist. Belmont App. No. 16 BE 0044, 2017-Ohio-7017.

**{¶7}** On September 7, 2017, Appellee filed a reply to Appellant's motion for default judgment and motion for leave to plead. On September 11, 2017, the trial court granted Appellee's request for an enlargement of time within which to answer, move, or otherwise plead to the complaint. Appellee filed an answer, denying the allegations and setting forth affirmative defenses, on September 26, 2017.

**{¶8}** Appellant filed a Civ. R. 60(B) motion for relief from judgment to vacate the trial court's September 11, 2017 Judgment Entry. On October 13, 2017, Appellee filed a motion for relief from judgment pursuant to Civ. R. 55(B) and 60(B)(1) and (5). Appellant filed a number of briefs in opposition to Appellee's motion, including a motion to strike and a motion for leave to reply to Appellee's answer. The trial court established a briefing schedule. Appellee filed replies to Appellant's motions.

**{¶9}** Via Judgment Entry filed November 22, 2017, the trial court granted Appellee's motion for relief from judgment, and vacated the September 5, 2017 Judgment Entry, granting default judgment in favor of Appellant.

**{¶10}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICIALLY ERRED IN GRANTING APPELLEE'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM THE SEPTEMBER 5, 2017, DEFAULT JUDGMENT ENTERED BY THE COURT.

{¶11} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶12} (E) Determination and judgment on appeal.

{¶13} The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶14} The decision may be by judgment entry in which case it will not be published in any form.

{¶15} This appeal shall be considered in accordance with the aforementioned rule.

I

{¶16} For the following reasons, we will not address Appellant's assignment of error as we dismiss the appeal for want of jurisdiction.

{¶17} A court of appeals only has jurisdiction over orders that are both final under Civ.R. 54(B) and appealable under R.C. 2505.02. *Grogan v. Grogan Co. Inc.* (2001), 143 Ohio App.3d 548. This court, as well as other Ohio courts, have determined that an order directed to only a portion of the claims or motions pending in a case is not a final appealable order. Such an order is distinguishable from ones which adjudicate all pending claims and motions in the proceeding. See *Barth v. Barth,* Cuyahoga App. No. 83063, 2003-Ohio-5661. A judgment that leaves issues unresolved and contemplates further action is not a final appealable order. *Circelli v. Keenan Constr.,* 165 Ohio App.3d 494, 500, 2006-Ohio-949.

**{¶18}** Generally, the granting of Civil Rule 60(B) motion for relief from judgment which vacates a default judgment is a final order. *GTE Automatic Elec. Co. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph one of the syllabus. However, a default judgment which determines the issue of liability, but continues the matter for a determination of damages is not a final judgment. See, *Prather v. American Medical Response, Inc.,* 2002 Ohio 5261 at ¶ 10; *Wolford v. Newark City School Dist. Bd. of Educ.* (1991), 73 Ohio App.3d 218, 596 N.E.2d 1085; *Arledge v. Brown,* 5th Dist. No.2006-CA-11, 2007-Ohio-57, ¶ 4.

**{¶19}** Because the trial court granted default judgment only on the issue of liability, we find the judgment entry granting Appellee's motion for relief from that interlocutory order is not a final appealable order. Accordingly, we lack jurisdiction over this matter.

**{¶20}** For the foregoing reasons, the appeal is dismissed.

By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, Jr., J. concur