{¶ 1} On January 2, 2008, Relator, Earl Richardson, filed with this Court a petition for a writ of mandamus, seeking an order that compels Respondents, Magistrate Richard F. Cowdrey of the Montgomery County Common Pleas Court and the Ohio Bureau of Workers' Compensation, to investigate his workers' compensation claim — no. 04-431418 -and "release the names of the toxic poisonous gases contained [sic] the gas tanks located in [Relator's] workstation and the toxic substances used in the manufacturing of the plastic tubing that [Relator] handled in [his] workstation on September 14, 15, 16, 2004 at the TI Group Automotive System/Bundy Tubing Corporation in Sabina, Ohio." We note that Product Action, LLC, and TI Group Automotive System/Bundy Tubing Corporation ("TI Group") were not named respondents in Richardson's petition for writ of mandamus; however, each party was served a copy of the petition and subsequently issued a *Page 2 
summons by the Clerk including an order to respond within 28 days.
 {¶ 2} On January 18, 2008, Respondent Magistrate Cowdrey filed a motion to dismiss the instant petition on the following grounds: 1) Richardson has not demonstrated that Magistrate Cowdrey has a clear legal duty to perform the act requested, i.e., investigate Richardson's workers' compensation claim; and 2) Richardson has an adequate remedy in the ordinary course of law by way of an objection to the magistrate's decision or, ultimately, a direct appeal. On January 30, 2008, Respondent Ohio Bureau of Workers' Compensation filed an answer to the petition, including as defenses that Richardson has failed to state a claim upon which relief can be granted, that Richardson has no clear legal right to the relief requested, and that the Ohio Bureau of Workers' Compensation has no clear legal duty to provide the relief requested. On January 31, 2008, Product Action International, LLC filed a motion to dismiss the petition on the bases that it owes Richardson no legal duty to investigate his workers' compensation claim and that Richardson has an adequate remedy at law for his claims. Likewise, TI Group filed a motion to dismiss on February 1, 2008 on similar grounds. Upon due consideration, this Court finds each of the aforementioned motions to dismiss/defenses well-taken.
 {¶ 3} Preliminarily, we note that Richardson filed a notice of appeal in the Montgomery County Court of Common Pleas on August 21, 2007 regarding a claim for benefits for an occupational disease, pursuant to R.C. 4123.01. Said notice of appeal named the Industrial Commission of Ohio, Product International, LLC, TI Group, and the Ohio Bureau of Workers' Compensation. However, the notice of appeal did not provide the date of the order from which Richardson was appealing or the subject matter on appeal.
 {¶ 4} On August 28, 2007, Richardson filed a second notice of appeal. This notice of appeal contained a workers' compensation claim number, the date of the decision *Page 3 
Richardson was appealing, and that the appeal stemmed from a decision of the Industrial Commission of Ohio.
 {¶ 5} Numerous motions and responses were filed by all parties, including motions to dismiss on behalf of the Industrial Commission of Ohio, Product International, LLC, TI Group, and the Ohio Bureau of Workers' Compensation. On January 23, 2008, Respondent Magistrate Cowdrey issued a magistrate's decision dismissing the Industrial Commission for lack of jurisdiction over the person and Product International, LLC, TI Group, and the Ohio Bureau of Workers' Compensation for lack of subject matter jurisdiction. It is important to note that Richardson filed the instant petition for a writ of mandamus prior to the magistrate having issued his decision.
 {¶ 6} On May 15, 2008, the trial court adopted the magistrate's decision and dismissed Richardson's complaints. In addition, the court overruled all objections and motions filed with regard to the January 23, 2008 magistrate's decision. On June 16, 2008, Richardson filed a notice of appeal in this Court — Montgomery App. No. 22797.
 {¶ 7} A writ of mandamus is an extraordinary remedy that only applies in a limited set of circumstances. In re State ex rel. Watkins, Greene App. No. 07-CA-80, 2008-Ohio-3877, at ¶ 6, quoting Davenport v.Montgomery Cty., Montgomery App. No. 21196, 2006-Ohio-2909, at ¶ 4. To be entitled to the requested writ of mandamus, Richardson must establish a clear legal right to having the respondents perform the act he requests, i.e., investigate his workers' compensation claim; a clear legal duty on the part of the respondents to perform said act; and the lack of an adequate remedy in the ordinary course of law. State ex rel.Luna v. Huffman (1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279.
 {¶ 8} In the present matter, we begin by addressing the motions to dismiss filed by *Page 4 
Product Action, LLC and TI Group. Both parties correctly point out that an action in mandamus does not lie to compel private parties, such as Product Action, LLC and TI Group, to perform a private act. SeeState ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141, 163,40 O.O.2d 141, 228 N.E.2d 631. Instead, "[m]andamus will lie to permit a private individual to compel a public officer to perform an official act where he is under a clear legal duty to do so." Id. Accordingly, Richardson's petition for writ of mandamus against Product Action, LLC and TI Group must fail, where he has not demonstrated that these private businesses have a legal duty to investigate his workers' compensation claim.
 {¶ 9} Next, we address the motions to dismiss filed by the respondents, Ohio Bureau of Workers' Compensation and Magistrate Cowdrey of the Montgomery County Common Pleas Court. It is well established that an action in mandamus is not a substitute for an appeal. See State exrel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57, 63 O.O.2d 88,295 N.E.2d 659. Here, when Richardson filed his petition for a writ of mandamus with this Court, his appeal from the decision of the Industrial Commission was still open in the trial court. As noted above, Respondent Magistrate Cowdrey issued a decision dismissing Richardson's claim on January 23, 2008. The trial court thereafter adopted said magistrate's decision on May 15, 2008. Richardson filed a notice of appeal from that decision on June 16, 2008. Montgomery App. No. 22797 is currently pending before this Court.
 {¶ 10} This Court finds that Richardson had an adequate remedy in the ordinary course of law by way of an appeal. In fact, it appears that Richardson has availed himself of that remedy. Therefore, Richardson's petition for a writ of mandamus against the Ohio Bureau of Workers' Compensation and Magistrate Cowdrey of the Montgomery County *Page 5 
Court of Common Pleas must fail.
 {¶ 11} In conclusion, this Court finds that Richardson has not demonstrated a sufficient basis to justify extraordinary relief. Accordingly, Respondents' motions to dismiss are hereby SUSTAINED. Relator's petition for a writ of mandamus is DENIED, and this matter is DISMISSED.
SO ORDERED.
MARY E. DONOVAN, Presiding Judge
JAMES A. BROGAN, Judge
MIKE FAIN, Judge
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.
Copies to:
Earl Richardson Relator, Pro Se
47 Oxford Avenue, Apt. 3 Dayton, Ohio 45402-6147
Douglas R. Unver Attorney for Respondent, Ohio BWC *Page 6 
Assistant Attorney General Workers' Compensation Section 150 E. Gay Street, 22nd Floor Columbus, Ohio 43215-3130
Robert G. Hanseman Attorney for Respondent, TI Group Automotive Systems, LLC 40 N. Main Street, Suite 900 Dayton, Ohio 45423
John A. Cumming Attorney for Respondent, Magistrate Robert F. Cowdrey 301 W. Third Street, 5th Floor Dayton, Ohio 45422
Peter N. Lavalette Carl E. Habekost Jason M. VanDam Attorneys for Respondent, Product Action International, LLC Ninth Floor, Four Seagate Toledo, Ohio 43604 *Page 1