[Cite as *State ex rel. Fernbach v. Butler Cty. Mun. Court*, 2012-Ohio-6172.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE EX REL. RICHARD FERNBACH, | : | |
| Plaintiff-Appellant, | : | CASE NO.   CA2012-02-025 |
| | : | O P I N I O N |
| - vs - | | 12/28/2012 |
| | : | |
| BUTLER COUNTY MUNICIPAL COURT, AREA II, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

. . . . . . . . . .

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-11-3960

Richard Fernbach, #508-012, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140, plaintiff-appellant, pro se

Dan Ferguson, Assistant Prosecuting Attorney, P.O. Box 515, Hamilton, Ohio 45012, for defendant-appellee

**DONOVAN, J.**

{¶ 1}   Plaintiff-appellant, Richard Fernbach, appeals a decision of the Butler County Court of Common Pleas granting defendant-appellee, Butler County Municipal Court, Area II's motion to dismiss Fernbach's original complaint for a writ of mandamus/procedendo.

Fernbach filed a timely notice of appeal with this Court on February 9, 2012.[1]

{¶ 2} The basis for the instant appeal stems from Butler County Area II Case No. TRC 95040936 in which Fernbach was convicted and sentenced on April 23, 1997. The record establishes that part of Fernbach's sentence required him to pay a fine of $540. The record does not reflect whether Fernbach appealed his conviction and sentence.

{¶ 3} At some point, the municipal court filed a warrant and detainer action against Fernbach because he failed to pay his fines in TRC 95040936. On April 1, 2010, Fernbach filed a motion to dismiss in TRC 95040936. The municipal court issued a decision on May 20, 2010, overruling Fernbach's motion to dismiss. In the entry, the municipal court stated that it had determined that "Fernbach had been present and had participated in his own trial [in TRC 95040936] on April 23, 1997" and that "the defendant had knowledge of his fines / costs and jail time."

{¶ 4} On November 9, 2011, Fernbach filed his original complaint in the Butler County Court of Common Pleas seeking relief in mandamus/procedendo against Butler County Area II Court, c/o Judge Kevin C. McDonough. In his complaint, Fernbach asserted that he was seeking relief from a December 2006 warrant which had been issued against him for failure to pay his fines in TRC 95040936. On December 15, 2011, Butler County Area II Court filed a motion to dismiss Fernbach's original complaint pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction and Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. On January 12, 2012, the Butler County Court of Common Pleas granted the municipal court's motion to dismiss Fernbach's original complaint. Specifically, the common pleas court held that it was without jurisdiction to issue a writ of mandamus or procedendo, nor could it hear an appeal from the municipal court.

---

1. Fernbach filed his complaint against the Butler County "Municipal" Court. There is no Butler County Municipal Court. Butler County has a "County Court" divided into separate areas by jurisdiction. See R.C. 1907.15.

{¶ 5} It is from this judgment that Fernbach now appeals.

{¶ 6} Fernbach's sole assignment of error is as follows:

{¶ 7} THE TRIAL COURT'S DISMISSAL UNDER CIV.R. 12(B)(1) & (B)(2) ARE CLEARLY CONTRARY TO OHIO LAW UNDER O.R.C. § 2731.02 AND OHIO'S CONSTITUTION ARTICLE I § 16, ARTICLE IV § 4 AS WELL AS THE UNITED STATES CONSTITUTIONS [sic] FOURTEENTH AMENDMENT.

{¶ 8} Initially, we note that R.C. 2731.01 defines "mandamus" as "a writ, issued in the name of the state to an inferior tribunal, * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." The Ohio Constitution vests concurrent original jurisdiction in mandamus upon the Supreme Court and courts of appeals. Sections 2(B)(1)(b) and 3(B)(1)(b), Article IV, Ohio Constitution. Additionally, R.C. 2731.02 confers concurrent original jurisdiction upon common pleas courts.

{¶ 9} A writ of mandamus is an extraordinary remedy that only applies in a limited set of circumstances. *In re State ex rel. Watkins*, 2nd Dist. No. 07-CA-80, 2008-Ohio-3877, at ¶6, quoting *Davenport v. Montgomery Cty.*, 2nd Dist. No. 21196, 2006-Ohio-2909, at ¶4. To be entitled to the requested writ of mandamus, Fernbach must establish a clear legal right to having the common pleas court perform the act he requests, *i.e.,* relief from the warrant which had been issued in TRC 95040936 for failure to pay his fines; a clear legal duty on the part of the respondents to perform said act; and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Luna v. Huffman*, 74 Ohio St.3d 486, 487 (1996).

{¶ 10} It is well-established that an action in mandamus is not a substitute for an appeal. *Richardson v. Ohio Bur. Of Workers' Comp.*, 2nd Dist. No. 22556, 2009-Ohio-810, ¶ 9. As previously stated, the record does not reflect whether Fernbach filed an appeal from his conviction in TRC 95040936 which was final in 1997. Nevertheless, Fernbach had an adequate remedy at law by way of direct appeal from his conviction and sentence to raise his

claim that he should not have to pay the fines that were ordered against him in TRC 95040936. Accordingly, we find that the common pleas court correctly declined to issue Fernbach's request for a writ of mandamus or a writ of procedendo because he could have challenged the imposition of fines in TRC 95040936 by way of direct appeal. Thus, the common pleas court did not err when it granted the municipal court's motion to dismiss Fernbach's original complaint.

{¶ 11} Fernbach's sole assignment of error having been overruled, the judgment of the Butler County Court of Common Pleas is affirmed.


FAIN and HALL, JJ., concur.


Hon. Mike Fain, Hon. Mary E. Donovan, and Hon. Michael T. Hall, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio pursuant to Section 5(A)(3) Article IV of the Ohio Constitution.