[Cite as *State v. McKeever*, 2019-Ohio-4913.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2018-12-025 |
| | : | O P I N I O N |
| - vs - | | 12/2/2019 |
| | : | |
| DONALD L. McKEEVER, | : | |
| Appellee. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. CRB 1801963

Laura Railing Gibson, Wilmington City Prosecutor, 69 North South Street, Wilmington, Ohio 45177, for appellee

Donald L. McKeever, 250 S. Nelson Ave., Lot 80, Wilmington, Ohio 45177, pro se

**S. POWELL, J.**

{¶ 1} Appellant, the state of Ohio, appeals the decision of the Clinton County Municipal Court sua sponte amending a complaint charging appellee, Donald L. McKeever, with first-degree misdemeanor domestic violence to a lesser charge of minor misdemeanor disorderly conduct. For the reasons outlined below, we reverse the trial court's decision and remand this matter for further proceedings.

{¶ 2} On December 12, 2018, a complaint was filed charging McKeever with one

count of domestic violence, a first-degree misdemeanor. As alleged in the complaint, the charge arose after Patrol Officer Anthony Mitchell was dispatched to a Clinton County trailer park on reports of a domestic dispute. Upon his arrival, Officer Mitchell contacted McKeever. When contacted by Officer Mitchell, McKeever admitted to striking his adult son in the face while the two were drinking because his son "kept running his mouth." McKeever also admitted that "he knew it was wrong" to strike his son in the face "and that he was very sorry."

{¶ 3} Two days later, McKeever appeared before the trial court at his arraignment. During this hearing, for which the record indicates only the victim's advocate was present, the trial court advised McKeever that a complaint had been filed charging him with first-degree misdemeanor domestic violence. Upon advising McKeever of the charge levied against him, the trial court then engaged McKeever in the following exchange:

> THE COURT: So, does anything good ever happen to you when you've been drinking, Don?
>
> MR. MCKEEVER: Seems like it doesn't, sometimes I get along and sometimes I get out of hand when I drink too much (inaudible) it's time for me to try to quit it all, I'm 60 years old and everything, it's time for me to quit.
>
> THE COURT: You remember that time, gosh, 15, 20 years ago when you passed out right here in front of the City Building and hit your head on the curb?
>
> MR. MCKEEVER: Yeah.
>
> THE COURT: I mean, we've [been] doing this a long time.
>
> MR. MCKEEVER: Yeah, I know.

{¶ 4} Following this exchange, the trial court sua sponte amended the charge from first-degree misdemeanor domestic violence to a lesser charge of minor misdemeanor disorderly conduct. The trial court explained its decision to amend the charge down to a minor misdemeanor because McKeever had merely struck his adult son in the face rather

- 2 -

than "beating up your little kid[.]"  Specifically, as the trial court stated when amending the charge to minor misdemeanor disorderly conduct:

> All right.  What we got here is really not the same thing as beating up your little kid, really not the same thing.  What we've got is engaging in fighting, threatening harm to persons or property and violent or turbulent behavior.  What we've got is engaging in conduct while you're voluntarily intoxicated that presents a risk of harm to another person.  Therefore, I'm ordering this charge amended to disorderly conduct.

{¶ 5}  Upon sua sponte amending the charge from domestic violence to disorderly conduct, the trial court asked McKeever how he wished to plead.  To this, McKeever stated that he wanted to plead guilty.  Finding the plea knowingly, intelligently, and voluntarily entered, the trial court accepted McKeever's guilty plea.  After accepting McKeever's guilty plea, the trial court then proceeded immediately to sentencing and ordered McKeever to pay a $50 fine and court costs.  The trial court then told McKeever "[d]on't hit your boy in the face anymore, it just causes trouble for you."  McKeever responded and stated, "Yes, sir."

{¶ 6}  The state now appeals, raising the following single assignment of error for review.

{¶ 7}  THE TRIAL COURT ERRED BY AMENDING THE CHARGE FROM DOMESTIC VIOLENCE TO DISORDERLY CONDUCT.

{¶ 8}  In its single assignment of error, the state argues that the trial court erred by sua sponte amending the charge from first-degree misdemeanor domestic violence to a lesser charge of minor misdemeanor disorderly conduct.  We agree.

{¶ 9}  Although a procedural oddity, this exact factual scenario occurred in *Akron v. Shuman*, 9th Dist. Summit No. 18851, 1998 Ohio App. LEXIS 2472 (May 27, 1998).  In *Shuman*, just like in the case at bar, a complaint was issued charging appellant with one count of domestic violence.  The trial court, however, sua sponte amended the complaint

"to the lesser charge of disorderly conduct and sentenced [appellant] accordingly." *Id.* at *1. The state then appealed arguing that "the trial court abused its discretion by amending a charge of domestic violence to disorderly conduct without the involvement of the prosecutor." *Id.* at *2. The Ninth District Court of Appeals agreed. In so holding, the Ninth District stated:

> [T]he trial court acted outside its discretion when it amended the charge against [appellant] from domestic violence to disorderly conduct. In doing so, the trial court deprived [the state] of its day in court. The action of the trial court in sua sponte amending the charge constituted a violation of Crim.R. 7(D).

(Internal citations and emphasis deleted) *Id.*

{¶ 10} Pursuant to Crim.R. 7(D), a trial court may amend a complaint at any time either before, during, or after a trial "in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." "If an amendment changes the penalty or degree of the charged offense, it changes the identity of the offense and is not permitted by Crim.R. 7(D)." *State v. Bradley*, 12th Dist. Warren No. CA2016-11-094, 2017-Ohio-7121, ¶ 19, citing *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, ¶ 13. "Whether or not an amendment changes the name or identity of the offense with which one is charged is a matter of law, and therefore we must review this issue de novo." *State v. McGlothin*, 12th Dist. Clermont No. CA2015-02-017, 2015-Ohio-2992, ¶ 19, citing *State v. Craft*, 181 Ohio App.3d 150, 2009-Ohio-675, ¶ 22 (12th Dist.).

{¶ 11} Here, the trial court's decision to sua sponte amend the charge from domestic violence to disorderly conduct changed both the name and identity of the offense. As noted above, the complaint charged McKeever with domestic violence, a first-degree misdemeanor. The amendment, however, charged McKeever with disorderly conduct, a minor misdemeanor. Therefore, just like in *Shuman*, the trial court's decision to sua sponte

amend the charge from domestic violence to disorderly conduct without any involvement of the state constituted a violation of Crim.R. 7(D). Rather than the trial court judge, "[t]he decision whether to prosecute and what charge to file is within the prosecutor's discretion." *State v. Lewis*, 5th Dist. Coshocton No. 2019CA0009, 2019-Ohio-4193, ¶ 9, citing *State ex rel. Jones v. Garfield Heights Municipal Court*, 77 Ohio St.3d 447, 448 (1997); and *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). Therefore, because the trial court erred by sua sponte amending the charge from first-degree misdemeanor domestic violence to a lesser charge of minor misdemeanor disorderly conduct, the state's single assignment of error is sustained.

{¶ 12} Judgement reversed and remanded for further proceedings.

HENDRICKSON, P.J., and M. POWELL, J., concur.