[Cite as *State ex rel. Becker v. Faris*, 2021-Ohio-1127.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO ex rel. JOHN BECKER, :

    Relator, : CASE NO . CA2020-10-058

     : O P I N I O N
    - vs - 4/5/2021

     :

D. VINCENT FARIS, PROSECUTING :
ATTORNEY, CLERMONT COUNTY,
OHIO, :

    Respondent.

ORIGINAL ACTION IN MANDAMUS

The Law Office of Nicholas R. Owens, Nicholas R. Owens, 88 Station Drive, Georgetown, Ohio 45121, for relator

Mark J. Tekulve, Clermont County Prosecuting Attorney, G. Ernie Ramos, Nicholas Horton, 101 E. Main Street, Batavia, Ohio 45103, for respondent

Dave Yost, Ohio Attorney General, Benjamin M. Flowers, 30 East Broad Street, 17th Floor, Columbus, Ohio 43215, urging denial of the writ for amicus curiae Ohio Attorney General Dave Yost

**S. POWELL, J.**

{¶ 1} This case involves a review of a petition for a writ of mandamus filed by relator,

John Becker. Becker, acting in his personal capacity, filed his petition with this court on

October 6, 2020.[1] Respondent, D. Vincent Faris, the then Prosecuting Attorney for

---

1. Becker is a former state representative who was elected to represent Ohio's 65th House District beginning on January 1, 2013. Becker left office on December 31, 2020.

Clermont County, Ohio, filed an answer to Becker's petition on November 5, 2020.[2]

{¶ 2} On November 24, 2020, the parties filed an agreed statement of facts. That same day, Becker filed a motion for summary judgment. Approximately two weeks later, on December 9, 2020, Prosecutor Faris filed a response in opposition to Becker's motion for summary judgment. Prosecutor Faris also filed his own motion for summary judgment. The next day, on December 10, 2020, Becker filed a response in opposition to Prosecutor Faris' motion for summary judgment. Then, on December 17, 2020, Prosecutor Faris filed a reply to Becker's response in opposition to his motion for summary judgment.

{¶ 3} The matter now properly before this court, Becker seeks a writ of mandamus to compel Prosecutor Faris, in his role as the Prosecuting Attorney for Clermont County, Ohio, to "act in accordance with his clear legal duty" pursuant to R.C. 2935.10(A) to conduct a "formal and/or systematic investigation" into the purported "criminal behavior" by the Governor of Ohio, Mike DeWine, alleged by Becker in a private citizen affidavit Becker filed with the Clermont County Municipal Court on the morning of September 28, 2020.

{¶ 4} For the reasons outlined below, Becker's motion for summary judgment is denied and Prosecutor Faris' motion for summary judgment is granted. Therefore, finding merit in Prosecutor Faris' motion for summary judgment, Becker's petition for a writ of mandamus is denied and Prosecutor Faris' motion for a hearing to determine whether Becker's conduct in filing such a petition was frivolous given the nature of Becker's claims

---

2. Prosecutor Faris is the now former Prosecuting Attorney for Clermont County, Ohio, having been replaced by the newly elected Prosecutor Mark J. Tekulve on January 4, 2021. Pursuant to App.R. 29(C), "[w]hen a public officer is a party to an appeal or other proceeding in the court of appeals in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party." App.R. 29(C) further provides that, "[p]roceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded." Therefore, although Prosecutor Tekulve was automatically substituted as a party in this case for Prosecutor Faris upon Prosecutor Tekulve assuming the role of Clermont County Prosecuting Attorney on January 4, 2021, we will nevertheless continue to refer to the respondent in this case as Prosecutor Faris given the facts of this case all arose during the time in which Prosecutor Faris held the office of the Clermont County Prosecutor.

and the arguments raised therein is granted.

## Facts and Procedural History

{¶ 5} At 11:03 a.m. on September 28, 2020, Becker filed the aforementioned private citizen affidavit with the Clermont County Municipal Court. Becker filed his private citizen affidavit in accordance with R.C. 2935.09(D). Pursuant to that statute:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate.

{¶ 6} In his private citizen affidavit, Becker alleged Governor DeWine had committed the following seven felony and three misdemeanor offenses for his handling of the ongoing COVID-19 pandemic throughout the state of Ohio, but more specifically, within Clermont County, on or about March 16, 2020 through the present:

> (1) Engaging in a pattern of corrupt activity in violation of R.C. 2923.31(A)(1), a second-degree felony;
>
> (2) Complicity in violation of R.C. 2923.03(A)(1), a second-degree felony;[3]
>
> (3) Terrorism in violation of R.C. 2909.24(A)(1), a second-degree felony;
>
> (4) Making a terroristic threat in violation of R.C. 2909.23(A)(1)(a), a third-degree felony;
>
> (5) Inducing panic in violation of R.C. 2917.31(A)(3), a third-degree felony;
>
> (6) Conspiracy in violation of R.C. 2923.01(A)(1), a third-degree felony;
>
> (7) Bribery in violation of R.C. 3599.01(A)(2), a fourth-degree felony;

---

3. We note that, despite Becker's allegation that Governor DeWine had committed complicity in violation of R.C. 2923.03(A)(1), "[c]omplicity is not a criminal offense in and of itself but merely defines circumstances which may connect one person with another in the commission or attempted commission of a crime." *State v. Hedrick*, 8th Dist. Cuyahoga No. 53422, 1988 Ohio App. LEXIS 573, *12 (Feb. 18, 1988).

(8) Interfering with civil rights in violation of R.C. 2921.45(A), a first-degree misdemeanor;

(9) Coercion in violation of R.C. 2905.12(A)(5), a second-degree misdemeanor; and

(10) Patient abuse or neglect in violation of R.C. 2903.34(A)(3), a second-degree misdemeanor.

{¶ 7} After Becker filed his private citizen affidavit, the Clerk of the Clermont County Municipal Court, Tim Rudd, referred the matter to Prosecutor Faris for review. Because Becker's private citizen affidavit charged the commission of a felony, this referral was made pursuant to R.C. 2935.10(A), which states:

> Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

{¶ 8} Later that afternoon, at 3:44 p.m., Prosecutor Faris sent an e-mail to Clerk Rudd that stated the following:

> You had previously sent for my review of a Private Citizen's Affidavit, that is file stamped September 28, 2020. That affidavit has been signed by John Becker. This affidavit alleged a number of criminal violations against Governor R. Michael DeWine.
>
> I have reviewed the paperwork and do not find a basis for the filing of a complaint pursuant to this Private Citizen's Affidavit.
>
> I am returning the paperwork that you had previously forwarded to me.

{¶ 9} Two days later, on September 30, 2020 at 10:15 a.m., counsel for Becker, Attorney Nicholas R. Owens, submitted a public records request to Prosecutor Faris. In that request, Attorney Owens requested a copy of all records relating to the private citizen

- 4 -

affidavit Becker had filed against Governor DeWine on the morning of September 28, 2020.

{¶ 10} Approximately three hours later, at 1:26 p.m., G. Ernie Ramos, Jr., Chief Assistant Prosecuting Attorney for the Civil Division of the Clermont County Prosecutor's Office, responded via e-mail to Attorney Owens' public records request. In that response, Assistant Prosecutor Ramos attached the following four documents:

> (1) The private citizen affidavit filed by Becker on September 28, 2020;
>
> (2) A letter from Becker to Clerk Rudd dated September 28, 2020 asking Clerk Rudd to "officially file" his affidavit on the municipal court's docket and "immediately" forward it to the "Administrative Judge of the Clermont County Municipal Court for its prompt review;"
>
> (3) The September 28, 2020 e-mail from Prosecutor Faris to Clerk Rudd referenced above noting that Prosecutor Faris had not found a basis for the filing a complaint against Governor DeWine based on the allegations contained in Becker's affidavit; and
>
> (4) An e-mail from Prosecutor Faris to the Clermont Sun sent on September 29, 2020.[4]

{¶ 11} Twenty minutes later, at 1:46 p.m., Attorney Owens responded to Assistant Prosecutor Ramos' e-mail with two "follow-up" questions. Those two follow-up questions were as follows:

> Does Prosecuting Attorney Faris and/or his office consider my client's filed private citizen affidavit against Governor DeWine a closed matter?
>
> Secondly, can you confirm that the Clermont County Prosecuting Attorney's Office did not create and/or produce any investigatory records as a result of my client's filed private citizen affidavit?

{¶ 12} The next morning, on October 30, 2020 at 10:40 a.m., Assistant Prosecutor

---

4. The Clermont Sun is a weekly newspaper covering the news and people of Clermont County, Ohio that is published by the Clermont Sun Publishing Company, a part of Sun Group Newspapers.

Ramos responded to Attorney Owens' two "follow-up" questions and stated:

> This is the response to your September 30, 2020 at 1:46 P.M. email requesting information. The investigation included a thorough examination of the allegations in the affidavit Mr. Becker filed and the relative criminal statutes however there are not records that are responsive to a public records request.

{¶ 13} On October 6, 2020, Becker filed the petition for a writ of mandamus that is the subject of this action. As noted above, in his petition, Becker seeks a writ of mandamus to compel Prosecutor Faris, in his role as the Clermont County Prosecutor, to "act in accordance with his clear legal duty" under R.C. 2935.10(A) to conduct a "formal and/or systematic investigation" into the purported "criminal behavior" by Governor DeWine in his handling of the ongoing COVID-19 pandemic as Becker alleged in the private citizen affidavit he filed with the Clermont County Municipal Court on the morning of September 28, 2020. Both parties have since filed motions for summary judgment; Becker filing his motion on November 24, 2020 with Prosecutor Faris filing his motion on December 9, 2020. It is these competing motions for summary judgment that this court must now decide.

**Motion for Summary Judgment**

{¶ 14} "Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial." *Franchas Holdings, LLC v. Dameron*, 12th Dist. Clermont No. CA2015-09-073, 2016-Ohio-878, ¶ 16, citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). Civ.R. 56 sets forth the summary judgment standard. Pursuant to that rule, a court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine

issue of material fact exists. *Touhey v. Ed's Tree & Turf, LLC*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining to be resolved. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). "In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party." *Assured Admin., LLC v. Young*, 12th Dist. Warren No. CA2019-04-039, 2019-Ohio-3953, ¶ 14, citing *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

### Petition for a Writ of Mandamus

{¶ 15} Pursuant to R.C. 2731.01, mandamus is a writ "issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." "A writ of mandamus is an extraordinary remedy that only applies in a limited set of circumstances." *State ex rel. Fernbach v. Butler Cty. Mun. Court*, 12th Dist. Butler No. CA2012-02-025, 2012-Ohio-6172, ¶ 9. This is because, "[a] writ of mandamus compels a public officer or agency to perform a formal act that the officer or agency has a clear legal duty to perform." *State ex rel. Cincinnati Enquirer v. Bronson*, 191 Ohio App.3d 160, 2010-Ohio-5315, ¶ 17 (12th Dist.), citing *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 9.

{¶ 16} A writ of mandamus should be "'issued with great caution and discretion and only when the way is clear.'" *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 18, quoting *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455 (1921); and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343 (1940); *Franta v. State Teachers Retirement Sys.*,

10th Dist. Franklin No. 20AP-230, 2020-Ohio-6843, ¶ 14 ("[m]andamus is an extraordinary remedy only granted with caution and when the right is clear").  That is to say, a writ of mandamus "should not issue in doubtful cases."  *State ex rel. Vernon v. Adrine*, 8th Dist. Cuyahoga No. 103149, 2015-Ohio-2867, ¶ 8; *State ex rel. A.N.*, 8th Dist. Cuyahoga No. 109848, 2020-Ohio-5628, ¶ 7 ("[m]andamus will not issue in doubtful cases"); *PNP, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 13AP-36, 2013-Ohio-4344, ¶ 13 ("[m]andamus will not issue in doubtful cases").

{¶ 17} Based on the facts of this case, to be entitled to the requested writ of mandamus, Becker, as the relator, must show: (1) a clear legal right to the requested relief; (2) a clear legal duty on the Prosecutor Faris, as the respondent, to provide such relief; and (3) the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Howery v. Powers*, 12th Dist. Butler No. CA2019-03-045, 2020-Ohio-2767, ¶ 8, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6.  Becker must prove these three elements by clear and convincing evidence.  *State ex rel. Santefort v. Wayne Twp. Bd. of Trustees*, 12th Dist. Butler No. CA2014-07-153, 2015-Ohio-2009, ¶ 11, citing *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10.  Failure to prove any one of these three elements is fatal to Becker's petition.  *State ex rel. Bey v. Ohio Bur. of Sentence Computation*, 10th Dist. Franklin Nos. 19AP-46 and 19AP-534, 2021-Ohio-70, ¶ 4 ("[t]he burden is on relator to establish all three elements * * *"), citing *State ex rel. Mars Urban Solutions, L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 155 Ohio St.3d 316, 2018-Ohio-4668, ¶ 6.

**Private Citizen Affidavit – R.C. 2953.09(D) and 2953.10(A)**

{¶ 18} R.C. 2935.09 "allows a citizen to file an affidavit if the citizen has knowledge of facts indicating a crime has been committed."  *State ex rel. Bunting v. Styer*, 5th Dist. Tuscarawas No. 2014 AP 12 0054, 2015-Ohio-3662, ¶ 11.  R.C. 2935.09(D) sets forth the

procedures that must be followed when such an affidavit has been filed with a reviewing official. *Hillman v. Larrison*, 10th Dist. Franklin No. 15AP-730, 2016-Ohio-666, ¶ 9. As noted above, pursuant to that statute:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate.

"The statute defines 'reviewing official' as a judge, magistrate, or prosecutor." *State ex rel. Evans v. Tieman*, 157 Ohio St.3d 99, 2019-Ohio-2411, ¶ 12, citing R.C. 2935.09(A).

{¶ 19} "Courts read R.C. 2935.09(D) in pari materia with R.C. 2935.10, which prescribes the procedure to be followed once a citizen files an affidavit charging an offense." *State v. L.F.*, 12th Dist. Clermont No. CA2019-02-017, 2020-Ohio-968, ¶ 13, citing *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, ¶ 12. R.C. 2935.10(A) sets forth the procedures that must be followed by a judge, clerk, or magistrate if a private citizen files an affidavit alleging a felony offense. *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, 6th Dist. Lucas No. L-19-1287, 2020-Ohio-4093, ¶ 7. "In such circumstances, the judge, clerk, or magistrate has only two options: (1) issue a warrant for the arrest of the person charged in the private citizen affidavit; or (2) refer the matter to the prosecuting attorney for investigation if the judge, clerk, or magistrate believes that the affidavit was not filed in good faith or that the claim asserted is not meritorious, i.e., without probable cause." *Hillman v. Larrison*, 10th Dist. Franklin No. 18AP-896, 2019-Ohio-2537, ¶ 12. "In other words, R.C. 2935.10(A) sets forth two options, i.e., warrant or referral, and imposes a mandatory obligation on a trial court to choose one of those two options." *State v. Fraley*, 12th Dist. Clermont No. CA2019-09-072, 2020-Ohio-3763, ¶ 13, citing *Hicks v. State*, 12th Dist. Clermont No. CA2018-04-022, 2018-Ohio-5298, ¶ 11; and *In re Groves*, 4th Dist.

Hocking No. 15CA23, 2016-Ohio-4793, ¶ 9-10.

{¶ 20} "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." *Nikooyi v. Affidavit of Criminal Complaint*, 8th Dist. Cuyahoga Nos. 108787 and 108801, 2020-Ohio-192, ¶ 9, citing *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, ¶ 6; *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175 (1998). This is because, "[p]rosecutors have wide discretion in deciding whether to prosecute a particular matter." *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 18, citing *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"). That is to say, "[t]he prosecutor has the discretion to determine whether he [or she] could prove the alleged offense beyond a reasonable doubt with the evidence provided." *Id.* at ¶ 19. "Only when the failure to prosecute constitutes an abuse of discretion will a prosecutor be compelled to prosecute." *State ex rel. Capron v. Dattilio*, 146 Ohio St.3d 7, 2016-Ohio-1504, ¶ 4, citing *State ex rel. Murr v. Meyer*, 34 Ohio St.3d 46 (1987); and *State ex rel. Squire v. Taft*, 69 Ohio St.3d 365, 368 (1994). An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, ¶ 11.

**Analysis**

{¶ 21} Becker argues that he is entitled to a writ of mandamus because Prosecutor Faris did not conduct an "investigation" into the allegations against Governor DeWine as required under R.C. 2935.10(A) since Prosecutor Faris' "investigation" was (1) completed within five hours, an "extremely short time frame," and (2) did not produce any "investigatory records" from Prosecutor Faris' office, the Ohio Bureau of Criminal Investigation, or the Clermont County Sheriff's Office. Becker claims that this proves Prosecutor Faris did not conduct an "actual," "meaningful," and "legitimate" investigation into his allegations against

Governor DeWine as required by R.C. 2935.10(A).

{¶ 22} To this, Prosecutor Faris argues that he did, in fact, conduct the statutorily required "investigation" into Becker's allegations. To support this claim, Prosecutor Faris notes that he reviewed Becker's allegations against Governor DeWine, as well as the relevant criminal statutes related to those allegations, prior to determining that no probable cause existed to issue a warrant for Governor DeWine's arrest. Prosecutor Faris also notes that many of Becker's allegations against Governor DeWine were "inapplicable on their face," thereby alleviating the need for Prosecutor Faris to conduct any further investigation. Prosecutor Faris further notes that several of Becker's other allegations against Governor DeWine were "so vague" that any further investigation into those allegations would have been "futile."

{¶ 23} Without question, we find that once Clerk Rudd referred Becker's private citizen affidavit to Prosecutor Faris for review, Prosecutor Faris was statutorily required by R.C. 2935.10(A) to conduct an "investigation" into the allegations contained therein. Unfortunately, the General Assembly has not further defined the term "investigation." This court must therefore look to the plain and ordinary meaning of the word. *See, e.g., Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2018-09-018, CA2018-09-019, and CA2018-11-022, 2019-Ohio-3229, ¶ 53 ("[t]he statute does not define 'maintained' and thus this court looks to the plain and ordinary meaning of the word"). This can be accomplished by referring to the dictionary definition of the word "investigation." *Commercial Intertech Corp. v. Guyan Intl.*, 11th Dist. Portage No. 99-P-0119, 2001 Ohio App. LEXIS 1556, *5 (Mar. 30, 2001) (a dictionary is a "reliable source for finding the plain and ordinary meaning of a word"). There is no requirement, however, that a particular dictionary's definition be used. *See Stiriz v. Motorists Mut. Ins.*, 6th Dist. Fulton No. F-01-010, 2002 Ohio App. LEXIS 1468, *17 (Mar. 29, 2002).

{¶ 24} The term "investigation" has been defined as "the action or process of investigating." *Webster's Third New International Dictionary* 1189 (1993). The term has also been defined as a "detailed examination" and a "searching inquiry." *Id.* Similarly, the term "investigate" has been defined to mean "to observe or study closely," as well as to "inquire into systematically." *Id.* The term "investigate" has also been defined as "to observe or study by close examination and systematic inquiry." *Merriam-Webster's Online: Dictionary and Thesaurus*, https://www.merriamwebster.com/dictionary/investigate (accessed Mar. 18, 2021). The term "investigate" has further been defined as "to make an official inquiry." *Black's Law Dictionary* 844 (8th Ed.2004).

{¶ 25} The term "inquiry" has been defined to mean "[a] request for information, either procedural or substantive." *Id.* at 808. The term "inquiry" has also been defined to mean "the act or an instance of seeking truth, information, or knowledge about something" and the "examination into facts and principles." *Webster's Third New International Dictionary* 1167 (1993). The term "inquiry" has further been defined as "a systematic investigation often of a matter of public interest." *Merriam-Webster's Online: Dictionary and Thesaurus*, https://www.merriam-webster.com/dictionary/inquiry (accessed Mar. 18, 2021).

{¶ 26} Given the numerous definitions of "investigation," "investigate," and "inquiry" as set forth above, it is clear to this court that Prosecutor Faris' "investigation" into the allegations set forth in Becker's private citizen affidavit against Governor DeWine did not have to last any set period of time. It is also clear to this court that Prosecutor Faris' "investigation" did not have to result in the creation of any investigatory records. This makes sense when considering no private citizen affidavit is, or should be, exactly the same. That is to say, depending on the allegations set forth within any given private citizen affidavit, the time and energy a prosecutor must exert to investigate one private citizen affidavit could, and oftentimes will, vary greatly from the time and energy needed to investigate the

allegations set forth in a different private citizen affidavit. R.C. 2935.10(A) requires the prosecutor to conduct an "investigation," not an "investigation that takes longer than five hours and results in the production of voluminous investigatory records" as Becker suggests.

{¶ 27} Given Becker's affidavit in this case, which, as stated previously, alleged such claims as terrorism, making a terroristic threat, inducing panic, and bribery against Governor DeWine for his handling of the ongoing COVID-19 pandemic, this case presents a prime example of a private citizen affidavit that Prosecutor Faris did not need much time to investigate. This case also presents a prime example of an investigation that would not result in the production of much, if any, investigatory records. The fact that it took Prosecutor Faris nearly five hours is, in and of itself, proof to this court that Prosecutor Faris conducted the statutorily required "investigation" given the nature of Becker's claims against Governor DeWine. Simply stated, the "investigation" into the allegations set forth in Becker's private citizen affidavit required nothing more than a cursory review of the affidavit, coupled with the applicable criminal statutes, to determine Becker's claims against Governor DeWine were wholly meritless and lacked probable cause. This is exactly what Prosecutor Faris did upon receiving Becker's private citizen affidavit from Clerk Rudd for review. This most certainly satisfies the requirements set forth in R.C. 2935.10(A) under the facts of this case.

{¶ 28} We note that while Becker would prefer it to be different, the Ohio Supreme Court has consistently held, as we noted above, that "'R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit.'" *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, ¶ 6, quoting *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175 (1998). It bears repeating that "[p]rosecutors have wide discretion in deciding whether to prosecute a particular matter." *State ex rel. Bunting*, 2016-Ohio-5781

at ¶ 18, citing *State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27 (1996) ("the decision whether to prosecute is discretionary, and not generally subject to judicial review"); *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 43 ("[t]he decision whether to prosecute a criminal offense is generally left to the discretion of the prosecutor"); *State v. McKeever*, 12th Dist. Clinton No. CA2018-12-025, 2019-Ohio-4913, ¶ 11, quoting *State v. Lewis*, 5th Dist. Coshocton No. 2019CA0009, 2019-Ohio-4193, ¶ 9 ("[t]he decision whether to prosecute and what charge to file is within the prosecutor's discretion).

{¶ 29} We also note that prosecutors, like Prosecutor Faris, have "great discretion in deciding which charges should be filed and may decide, for a myriad of reasons, not to prosecute on certain charges notwithstanding that sufficient evidence exists to support a conviction.'" *State v. Conklin*, 12th Dist. Butler No. CA94-03-064, 1995 Ohio App. LEXIS 1126, *8-9 (Mar. 27, 1995), quoting *State v. Williams*, 89 Ohio App.3d 288, 291 (10th Dist.1993). Becker has failed to demonstrate that Prosecutor Faris abused his discretion by failing to arrest and prosecute Governor DeWine for his handling of the ongoing COVID-19 pandemic. *See, e.g., State ex rel. A.N.*, 8th Dist. Cuyahoga No. 109848, 2020-Ohio-5628 (declining to issue a writ of mandamus to compel prosecutor to file felony criminal charges against petitioner's two parents where petitioner failed to demonstrate the prosecutor's office had abused its discretion by failing bring charges based on the two private citizen affidavits petitioner had filed pursuant to R.C. 2935.09[D]). To claim otherwise, like Becker does in this case, has no basis in fact or the law.

{¶ 30} Considering the record in this case, it is clear that the only "investigation" that would satisfy Becker is one that would result in Prosecutor Faris issuing a warrant for Governor DeWine's arrest and subsequent prosecution. But Prosecutor Faris is not required to bend the law in order to satisfy one man's efforts to grandstand and garner media attention for himself to score political points with his (now former) constituents. A

prosecutor, like Prosecutor Faris, holds a very serious position, a position that requires his attention to be focused on difficult, potentially life changing matters every day. Becker's private citizen affidavit falls well short of what Prosecutor Faris, or this court, should be spending our time and Ohioans' taxpayer dollars on to decide. This is especially true here when considering there are so many Ohioans struggling to make ends meet during this time of great economic uncertainty caused by the ongoing COVID-19 pandemic. Any claim advanced by Becker otherwise is simply incorrect.

{¶ 31} In light of the foregoing, because Becker, as the relator, failed to show a clear legal right to the requested relief, i.e., to compel Prosecutor Faris, in his role as the Clermont County Prosecutor, to "act in accordance with his clear legal duty" under R.C. 2935.10(A), to conduct a "formal and/or systematic investigation" into the purported "criminal behavior" by Governor DeWine in his handling of the ongoing COVID-19 pandemic as alleged in the private citizen affidavit Becker filed with the Clermont County Municipal Court on the morning of September 28, 2020, or a clear legal duty on Prosecutor Fairs, as the respondent, to provide the requested relief given the statutorily required "investigation" into Becker's claims has already been had, Becker's motion for summary judgment is denied and Prosecutor Faris' motion for summary judgment is granted. Therefore, having granted Prosecutor Faris' motion for summary judgment, Becker's petition for a writ of mandamus is denied.

**Prosecutor Faris' Request to Hold a Hearing on his Motion for Sanctions**

{¶ 32} Prosecutor Faris has requested this court to hold a hearing on his motion for sanctions to determine whether sanctions should be imposed against Becker pursuant to Civ.R. 11 and/or R.C. 2323.51. To support his motion, Prosecutor Faris' argues Becker's efforts to secure a writ of mandamus in this case were frivolous, thereby entitling him to, at the very least, recoup his expenses and reasonable attorney fees. Ohio Attorney General,

Dave Yost, who this court granted leave to file an amicus brief, agrees that this court should order Becker to pay Prosecutor Faris' reasonable attorney fees or, alternatively, "order Becker to spend a day observing criminal trials in open court, so that he can better understand the gravity of the matters for which prosecutorial and judicial resources must be preserved." Attorney General Yost believes that sanctions are necessary against Becker to "set a precedent that such political stunts will be met with sanctions."

{¶ 33} Pursuant to Civ.R. 11, "any attorney or pro se party who has signed a pleading, motion, or other document certifies that the party has (1) read the document; (2) to the best of his or her knowledge, harbored good grounds to support the document; and (3) did not file the document for purposes of delay." (Emphasis omitted.) *Jones v. Nichols*, 12th Dist. Warren No. CA2012-02-009, 2012-Ohio-4344, ¶ 18, citing *Long v. Rhein*, 12th Dist. Nos. CA2002-02-007 and CA2002-02-008, 2003-Ohio-711, ¶ 15. For a "willful violation" of the rule, this court may impose an "appropriate sanction," including an award of expenses and reasonable attorney fees. Civ.R. 11. An evidentiary hearing is required prior to this court imposing sanctions under Civ.R. 11. *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 25 ("[b]ecause Ricketts sought and was granted an award of fees and expenses pursuant to Civ.R. 11, the court of appeals erred in imposing sanctions under the rule without holding an evidentiary hearing").

{¶ 34} Similarly, pursuant to R.C. 2323.51(B)(1), this court "may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *." This award, which may consist of court costs, reasonable attorney's fees, and other expenses incurred, may be made against "a party, the party's counsel of record, or both." R.C. 2323.51(B)(4). However, before an award may be made, this court must follow the requirements set forth in R.C. 2323.51(B)(2)(a)-(c). This includes, for instance, this court holding a hearing to determine (1) whether the particular conduct complained of

was frivolous; (2) if the conduct was frivolous, whether any party was adversely affected by that conduct; and, (3) if an award is to be made, the amount of that award. R.C. 2323.51(B)(2)(a).

{¶ 35} Upon review of the record properly before this court, Prosecutor Faris' request for this court to hold a hearing on his motion for sanctions against Becker, pursuant to Civ.R. 11 and/or R.C. 2323.51, is granted. Disagreement with the arguments set forth by an opposing party does not render that party's conduct frivolous, nor does it warrant sanctions being imposed under Civ.R. 11 and/or R.C. 2323.51. Becker's conduct in this case, however, goes beyond a mere disagreement with the arguments presented by an opposing party. That is to say, Becker's conduct in this case, i.e., filing a petition for a writ of mandamus to compel Prosecutor Faris, in his role as the Clermont County Prosecutor, to "act in accordance with his clear legal duty" under R.C. 2935.10(A), to conduct a "formal and/or systematic investigation" into the purported "criminal behavior" by Governor DeWine in his handling of the ongoing COVID-19 pandemic, raises a legitimate question as to whether such conduct was, in fact, frivolous given the nature of Becker's claims and the arguments raised therein.

### Conclusion

{¶ 36} For the reasons outlined above, Becker's motion for summary judgment is denied and Prosecutor Faris' motion for summary judgment is granted. Therefore, finding merit in Prosecutor Faris' motion for summary judgment, Becker's petition for a writ of mandamus is denied and Prosecutor Faris' motion for a hearing to determine whether Becker's conduct in filing such a petition was frivolous given the nature of Becker's claims and the arguments raised therein is granted.

{¶ 37} Writ denied.

PIPER, P.J., and M. POWELL, J., concur.